# JOHN W. SCOTT

## *v.*

# FRANK WIRSHING.

1. FENCES—*sufficiency to maintain trespass for animals breaking into inclosure.* In a suit by the occupant of an inclosed field to recover damages of the defendant for injuries to crops, etc., by defendant's cows in breaking through the fence inclosing the field, the court instructed the jury that before any recovery could be had for damages for the trespass of stock in breaking into an inclosure and destroying corn therein, it must be proved that the fence was at least five feet in height from the ground: *Held*, that the court erred in so instructing the jury.

2. The law is that an action may be maintained for the trespass of cattle, if the plaintiff's fence is good and sufficient; and its sufficiency must be determined by the jury from the evidence.

3. When the court, in such an action, had, at the instance of the plaintiff, instructed the jury that the fence was good and sufficient if it would prevent the breaking in of stock not breachy, it was not error to refuse another instruction that the fence was sufficient if it would turn ordinary stock. The first stated the law sufficiently.

4. SAME—*statute relating to partition fences.* Section 14 of the chapter entitled "Inclosures and Fences," R. Stats. 1845, requiring fences to be at least five feet high, has reference solely to partition fences between adjoining owners, and has no application to an outside fence.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action commenced by the appellant against the appellee before a justice of the peace, when the former recovered a judgment for $9 and costs of suit. Appellee appealed from this judgment to the circuit court, where, on a trial, a verdict and judgment was rendered for the appellee.

Messrs. SNYDER & DILL, for the appellant.

Messrs. HAY & KNISPEL, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The court below instructed the jury that, before a recovery could be had for damages for the trespass of stock in breaking into an inclosure and destroying corn therein, it must be proved that the fence was at least five feet in height from the ground.

The propriety of this instruction depends upon the construction which should be given to section 14 of the chapter entitled " Inclosures and Fences." (Rev. Stat. 1845, 277.)

We infer that the instruction was based upon this section, as counsel for appellee refer to it in their argument, and insist that fences must be at least five feet in height from the ground.

It is true that this section has been incorporated in all our compilations of the statutes; but it has sometimes been so jumbled in that a casual reading will not gather its true meaning. Chapter 51 of the Revision of 1845 contains twenty-one sections. It is entitled " Inclosures and Fences," while three somewhat distinct subjects are embraced therein: common fields, the regulation of partition fences, and the liability for the trespass of animals where there is an insufficient fence. The first ten sections include the first head; the 11th, 12th, 13th and 14th, the second; and sections 15, 16, 17, and 18, the third.

In the compilation of Scates, a division somewhat different has been made. The first ten sections are placed in a chapter entitled " Commons." Scates, 287. The residue of the chapter, as it is in the Revision of 1845, is placed in one chapter, entitled " Inclosures." Scates, 590.

This does not present the true subdivision of chapter 51, according to the several subjects, and it can only be absolutely ascertained by a reference to the several enactments embraced in the chapter.

The first ten sections were enacted by the first general assembly of the State, and the law was entitled "An act to regulate

the inclosing and cultivating of common fields." Approved February 23d, 1819. Sess. Laws 1819, 37.

Sections 11, 12, 13 and 14 are mere subdivisions of section three of an act entitled "An act regulating inclosures," approved February 20th, 1819. Sess. Laws 1819, 23. In the original act, section 14, as it is in the several Revisions, was a *proviso* to section three.

A careful reading of these sections, including section 14, will clearly show that they have reference solely to partition fences; the regulation of the equal division of the charges of the division fence; provision for the appointment of viewers, who shall be the sole judges of the charges to be borne by the respective parties, and of the sufficiency of fences; and the mode of enforcing the law is specially pointed out; and then follows the proviso that "nothing herein contained shall be intended to prevent or debar any person or persons from inclosing his or their grounds, in any manner they please, with sufficient walls or fences of timber other than those heretofore mentioned;     *     *     such walls and fences to be at least five feet in height from the ground,     *     *     *     so that such inclosures shall fully answer and secure the several purposes meant to be answered and secured by this law."

To prevent the arbitrary dictation on the part of the viewers of any particular character of fence, adjoining proprietors of lands were authorized by the *proviso* to inclose their grounds in such manner as they might choose, so that the purpose of the law was secured. That purpose could only have been to have a sufficient fence, of at least the height mentioned, between neighbors of adjacent lands.

There is another view from which it will appear conclusively that this section is not obligatory upon the owners of fences to build them of any particular height.

In the first section of the act of 20th February, 1819, it is enacted that all fields, kept for inclosures, shall be inclosed with a fence, if of posts and rails, at least five feet in height, and if rails, in such manner as is commonly denominated a

worm fence, at least five feet and six inches in height; and the second section of the same act provides for damages consequent upon stock breaking into such inclosures. In this act there is no allusion to the recovery of damages for the trespass of stock, except as mentioned.

In 1835, sections 15, 16, 17 and 18, as they are numbered in the Revision, were enacted; and sections one and two of the act of February 20, 1819, were expressly repealed. Sess. Laws 1835, 144. Thus the only law regulating the height of fences around general inclosures, and providing for single and double damages for breaking the close, was repealed, and a new law was substituted in its stead. This law has been in force for more than thirty years, and is the only statute law under which the courts could properly act in awarding damages for the trespass of stock.

This law does not require that fences shall be of a fixed height, but makes the owner of animals liable, in an action of trespass, for all damages resulting from the breaking in of stock into inclosures which are surrounded by a "good and sufficient" fence.

We are of opinion, therefore, that section 14, which is relied upon to sustain the instruction, had reference alone to partition fences, and as such it has long since been repealed.

In 1857 the legislature recast the various provisions of the law in regard to division fences, and expressly repealed all of chapter 51 which was inconsistent with the act then approved. Sess. Laws 1857, 159. This effected a repeal of sections 11, 12, 13 and 14 of chapter 51.

The court, in its instruction to the jury that they must believe from the evidence that the fence in question was at least five feet in height from the ground, committed an error, and we have little doubt that this instruction determined the verdict against the plaintiff.

The law is, that an action may be maintained for the trespass of cattle if the fence is good and [sufficient; and its sufficiency must be determined by the jury from the evidence.

*Seeley* v. *Peters,* 5 Gilm. 130 ; *Headen* v. *Rust,* 39 Ill. 186 ; *Stoner* v. *Shugart,* 45 Ill. 76.

There was no error in the refusal of plaintiff's second instruction, that the fence was sufficient if it would turn ordinary stock. The law was sufficiently given in plaintiff's first instruction, that the fence was good and sufficient if it would prevent the breaking in of stock not breachy.

For giving the instruction, as to the height of the fence, the judgment is reversed and the cause remanded.

*Judgment reversed.*