JOHN SCOTT

*v.*

LEE BUCK.

1. FENCES—*statute relating to, construed.* Section 14, of chapter 51, entitled "Inclosures and Fences," requiring fences to be at least five feet high, has reference solely to partition fences between adjoining owners, and has no application to an outside fence.

2. TRESPASS—*sufficiency of fence to turn stock.* In trespass to recover damage to the plaintiff's crop by the defendant's cattle breaking in, the plaintiff will be entitled to recover if his fence was good and sufficient, regardless of its height, to turn ordinary stock; otherwise, not.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. JAMES C. ALLEN, Judge, presiding.

This was an action of trespass, brought originally before a justice of the peace, by John Scott against Lee Buck, and taken on appeal to the circuit court, where a trial was had resulting in a verdict and judgment for the defendant.

Mr. E. CALLAHAN, for the plaintiff in error.

Mr. E. B. GREEN, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This action was brought on the 29th day of August, 1873, to recover for growing crops destroyed by the cattle of defendant in error. The testimony showed that the plaintiff's field, in which the damage was done by defendant's cattle, was inclosed with a fence sufficient to turn the ordinary stock of the neighborhood, although somewhat unruly, but the fence was not five feet high. On the trial of the cause, the court instructed the jury, on behalf of defendant, "that a good and sufficient fence, under the laws of Illinois, is a fence that is at least five feet high from the ground; and if the jury believe, from the evidence, that the fence of plaintiff which was broken by the cattle of defendant, if it was broken, was not at least five feet high from the ground, the jury should find the defendant not guilty." The instruction was, no doubt, given upon the supposition that sec. 14, of chap. 51, entitled "Inclosures and Fences," Rev. Stat. of 1845, 277, required a fence to be five feet high, in order to meet the requirements of the law. At least we have been referred to no other statute in force when the trial was had, in any manner bearing upon the question. The section of the statute in question has been before this court for construction at a previous term, and in *Scott* v.

*Wirshing*, 64 Ill. 102, it was held that the section of the statute requiring fences to be at least five feet high, has reference solely to partition fences between adjoining owners, and has no application to an outside fence. No argument has been presented to show the construction of the statute in the case cited was not the correct one, and no reason has occurred to us which would call for a different construction, nor do we perceive any ground for changing the rule announced. The real question for the jury was, whether the fence was good and sufficient, regardless of its height, to turn ordinary stock. If it was, then the plaintiff was entitled to recover; otherwise, not.

As the law involved in the case was not, however, properly given the jury by the instruction, the judgment will be reversed and the cause remanded.

*Judgment reversed.*