## GEORGE W. BRENT

### v.

### KENNER BRENT.

DEGREE OF PROOF IN CIVIL CAUSE.—An instruction in a civil action that "before the plea of self-defense can avail the defendant as a defense, it is incumbent on the defendant to prove to the satisfaction of the jury by a preponderance of the evidence in this case, that the defendant shot the plaintiff in the necessary or apparently necessary defense of the person of defendant." *Held*, that as the jury were only required to believe from a preponderance of the evidence and not to be satisfied by the proofs, the instruction imposed a higher degree of proof than is required by law.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed February 29, 1884.

This was an action in trespass by the appellee against the appellant for shooting both appellee and his horses. The first count charges appellant with shooting appellee, from which he was greatly injured and suffered, laying the damages at $10,000. Second count for shooting appellee's horse worth $150, from which the horse died, laying the damages at $500. The fourth count charges appellant with shooting another horse by which appellee was damaged $100. Pleas not guilty and to the 1st and 2d counts non-assault. There was judgment for appellee for the sum of $3,298.72 and 7-11 of a cent.

Brent v. Brent.

It is claimed that the verdict was excessive; for the reason that there being a general *ad damnum* of $11,000, the judgment can not be sustained for injury done the horses because these special counts are not large enough in their claim. The actual damages to the colts being only $140, the balance must be vindictive damages, and therefore the right of appellee to recover must be based on injury to himself; and that is entirely unsupported from the evidence, $75 only being for medical attendance, the rest being guess work. There is no evidence to support the claim for damages to the person. It is claimed by appellant that he fired his pistol at appellee while the latter was beating him over the head with a stick about four feet long, an inch and a quarter to an inch and a half in diameter at top, tapering a little at the other end; had struck appellant four or five licks. The appellee testified that the attack was not in self-defense; that the appellant first struck him with a club or piece of rail and wounded him on the right forehead, and thereupon caught his right pantaloons pocket with his left hand and run his right hand into his pants pocket, and that he knew he was in the act of drawing a revolver; that to prevent him from drawing his revolver he struck appellant probably four blows on the head and arms with his cane, then turned away and had gone three or four steps when the appellant came up behind exclaiming " By the Eternal!" and as appellee turned he was shot by appellant; appellee was shot through the joint and muscles of the right shoulder; the result might have been serious, and may cause trouble yet; it might interfere with the motion of the arm.

There seems to be a palpable contradiction in the witnesses.

It is claimed that the court erred in giving appellee's 1st, 2d, 3d, 4th, 5th and 8th instructions. The 3d instruction is as follows: " The jury are instructed that before the plea of self-defense can avail the defendant as a defense it is incumbent on the defendant to prove to the satisfaction of the jury by a preponderance of the evidence in this case that the defendant, George W. Brent, shot the plaintiff in the necessary or apparently necessary defense of the person of the defendant."

The other instructions will be noticed in the opinion.

Messrs. STEWART & STEWART, Messrs. PORTER & PORTER and Messrs. GRIER & DRYDEN, for appellant; cited Graves v. Colwell, 90 Ill. 618; Herrick v. Gary, 83 Ill. 89; Alexander v. The People, 96 Ill. 102.

Mr. WM. C. NORCROSS and Mr. J. W. DAVIDSON, for appellee; cited Mitchell v. Milholland, 106 Ill. 175; Murphy v. The People, 37 Ill. 447; Peri v. The People, 65 Ill. 17; Farwell v. Warren, 51 Ill. 468; Love v. Moore, 45 Ill. 12; Vandermark v. The People, 47 Ill. 122; Logg v. The People, 92 Ill. 598; Gilmer v. Eubank, 13 Ill. 271.

LACEY, P. J.   We think there was fatal error on the part of the court in giving the 3d of appellee's instructions.

It was erroneous in telling the jury that they must *be satisfied* by a preponderance of the evidence.   This was a civil action, and the jury were only required to find from a preponderance of the evidence that the plea of self-defense was made out.   An instruction similar to this was condemned in Ruff v. Jarrett, 94 Ill. 475.   In commenting on the instruction, the court say: " It imposed a higher degree of proof than is imposed by law.   The jury were only required to believe from a preponderance of the evidence, and not to be satisfied by the proofs, as the instruction requires.   Satisfactory evidence almost excludes doubt, whilst a belief from a preponderance of the evidence does not, but leaves the balance in the minds on one side of the proposition."

For this error alone, the judgment must be reversed.   It is claimed that the error was cured by other instructions given by the court, both on the part of appellant and appellee, but we think that, under the close state of the evidence, the error would not be cured thereby.   The instructions should be consistent and harmonious, and the law correctly given.

Some complaint is made that the court erred in giving the instructions for appellee, that authorized the jury to aggregate the proof in all the acts of trespass charged, under one count, or what was the same, to recover a greater amount under the counts for killing the horses than was claimed in those counts, when the defendant might not have been found guilty on the

other count for personal injury.  We do not deem it neces-
sary to spend time to examine this question, as the judgment
will be reversed, and the declaration can be amended so as to
cure any such error hereafter, if appellee so desires.  We see
no serious error in the giving of the appellee's first instruction
in regard to the question of malice.  The fourth instruction
should have been so modified as to allow recovery under the
circumstances stated, that appellee had provoked the quarrel
by first striking appellant with a club, if, after striking, he
had in good faith declined any further combat.  Kinney v.
The People, Chicago Legal News, 169, Feb. 2, 1884.

We see no serious fault with the other of appellee's instruc-
tions complained of.  The court, as we think, did not err in
refusing the first and second appellant's refused  instructions,
or the third.

For the reasons above stated, the judgment is reversed and
the cause remanded.

Reversed and remanded.