# JAMES M. GOOCH
## v.
# JOHN M. TOBIAS.

*Trespass—Instructions.*

1.  This court reverses a verdict for the defendant in an action of trespass for destroying certain goods, on the ground that instructions given for the defendant call for a higher degree of proof than is required in civil cases.

2.  The law does not require the plaintiff to "satisfy" or "convince" the jury by a preponderance of evidence in such cases.

[Opinion filed November 23, 1888.]

Gooch v. Tobias.

APPEAL from the Circuit Court of Clark County; the Hon. J. W. WILKIN, Judge, presiding.

Messrs. GOLDEN & HAMILL, for appellant.

Mr. JAMES W. GRAHAM, for appellee.

WALL, P. J.    This was an action of trespass for destroying certain goods of the plaintiff.    The verdict was for the defendant and judgment was rendered accordingly, a motion for a new trial having been overruled.

The court gave the following instructions at the instance of defendant:

"The court instructs the jury that, while circumstantial evidence is legal and competent in this case, yet in order to make his case by circumstantial evidence, plaintiff must have proved such circumstances as to satisfy the jury by a preponderance of the evidence that the defendant committed the wrongful act charged.

"The court instructs the jury that if they believe from the evidence that the defendant, John M. Tobias, or some other person, destroyed the goods of the plaintiff, then in that event the jury should return a verdict of not guilty, unless the jury are convinced by a preponderance of the evidence in the case that the defendant, John M. Tobias, is guilty."

These instructions call for a higher degree of proof than the law requires in order to warrant a recovery in civil cases, and in the light of the following decisions of the Supreme Court, it was error to give them:    Herrick v. Gray, 83 Ill. 85; Graves v. Caldwell, 90 Ill. 612; Protection Life Ins. Co. v. Dell, 91 Ill. 174; Ruff v. Jarrett, 94 Ill. 475; Stratton v. Central Ctiy Horse Ry. Co., 95 Ill. 25.

The evidence was such that it is impossible to say the plaintiff was not unduly prejudiced by this action of the court.    The judgment will be reversed and the cause remanded.

*Reversed and remanded.*