CHICAGO, BURLINGTON & QUINCY RAILROAD CO.

V.

JOHN H. EVANS.

*Railroads—Negligence—Cattle Guard—Evidence—Instructions.*

1. The statute requires that railroad companies shall construct cattle

guards that shall be reasonably sufficient, and will be enough to turn ordinary stock.

2. An instruction setting forth in substance that such company was liable for constructing a guard that did not prevent stock, no matter how breachy, from getting on the track in a certain case, should not be given.

[Opinion filed May 20, 1892.]

In ERROR to the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. SWEENEY & WALKER and O. F. PRICE, for plaintiff in error.

Messrs. GRIER & STEWART, for defendant in error.

MR. JUSTICE HARKER. This was an action by defendant in error to recover the value of four horses, killed upon the railroad track of plaintiff in error by its cars and engine.

The negligence alleged, and to which the proofs were confined, was failure to construct and maintain a cattle guard, suitable and sufficient to prevent horses from getting on the right of way from the public road. There was a recovery for $450. The evidence shows that after breaking through different fences from the pasture where they were kept before reaching the highway, the horses jumped or passed over the cattle guard onto the right of way.

The cattle guard was eight feet nine inches long north and south, parallel with the rails, fourteen feet wide, across the track, and two feet two inches deep. A pit was first dug, in which was placed a box made of two-inch planks, its inside measurement being seven feet ten inches parallel with the rails, and fourteen feet wide across the track, which rested on twelve by twelve timbers. Across this box were placed two stringers ten by twelve inches, which carried the iron rails of the track; between those rails were five oak slats three and one-half to four inches square placed edgewise, and from four to five inches apart, so that the sharp corners were on the surface, leaving about five inches of space

between the slats as laid, with four similar ones outsid e of each rail, all set in notches cut in the box or frame. These corners stood up prominent over two inches above the bottom of the rail. They were all spiked to the frame and extended over the sides of the box five inches on each side, which would make the cattle guard from nine feet to nine feet four inches across parallel with the track.

The evidence shows beyond question that the cattle guard was in good condition and suitable for the purposes for which it was constructed. It was the standard cattle guard in general use. It was sufficient to turn all ordinary horses. The statute imposes upon railroad companies no such duty, as that the structure shall be sufficient to turn any kind of a horse. All that is required is that it shall be reasonably sufficient. Scott v. Beech, 85 Ill. 334; C., B. & Q. R. R. Co. v. Farrely, 3 Ill. App. 60; C., B. & Q. R. R. Co. v. Kennedy, 22 Ill. App. 308; C. & A. R. R. Co. v. Buck, 14 Ill. App. 394.

The horses evidently were very breachy, else they would not have escaped from their inclosure through three fences and over a cattle guard of the kind described by the witnesses; and yet the court told the jury in the plaintiff's third instruction, that if the cattle guard was not sufficient to prevent the horses from getting upon the track under all ordinary circumstances, and that by reason thereof they got upon the track and were injured, the defendant was liable. It was not whether the circumstances were ordinary, but whether the horses were ordinary, that was the controlling fact. Under such an instruction the company was made liable no matter how breachy the horses may have been. The giving of this instruction and the modification of the defendant's second, third and eleventh instructions, by striking out the word "ordinary" where it occurred before the word "horses," were erroneous.

For the errors indicated the judgment will be reversed, and inasmuch as the evidence fails to show any cause of action against the plaintiff in error, the case will not be remanded.

*Judgment reversed.*