H. C. MITCHELL AND JOHN T. McAULLY

V.

FLORA HINDMAN, BY NEXT FRIEND, ETC.

*Malpractice—Evidence—Instructions.*

1. No point can be made as to the sustaining of an objection to a given question, where the same question was thereafter answered in substance without objection.

2. It is not necessary to be stated in the plaintiff's instructions in a given case, that he is required to prove his case by a preponderance of the evidence; it is for the defendant, if desired, to lay down the formal rule of law as to the preponderance of the evidence.

3. An instruction on behalf of defendants, stating that "the jury

are instructed, on behalf of the defendants, that the plaintiff in this case is bound to prove to the *satisfaction* of the jury by a *clear* preponderance of the evidence," etc., should not be given.

4.   In an action for malpractice this court holds that the condition in question did not result from the injury, but from the failure of the surgeons to use ordinary skill and care in the treatment thereof, and that the judgment against them can not be disturbed.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Jackson County; the Hon. O. A. HARKER, Judge, presiding.

Messrs. F. M. YOUNGBLOOD and N. H. MOSS, for appellants.

Mr. WILLIAM A. SCHWARTZ, for appellee.

MR. JUSTICE SAMPLE.   On the 16th day of December, 1889, the appellee, then twelve years of age, while attending school at Carbondale, fell, and received what is called a Colles fracture of the radius of the left forearm, about one and one-half inches above the wrist joint.   The appellants, being in partnership in the practice of medicine and surgery at Carbondale, were employed to attend the patient.   Drs. McAully and Lee reduced the fracture, put the arm in a Levis splint made of tin, of adult size, and bandaged the arm.   After that time Dr. Lee did not treat the patient, he being called in, as understood, to assist Dr. McAully in the absence of Dr. Mitchell.   The appellants thereafter had exclusive charge of the case, and visited the patient frequently.

The declaration avers that the appellants so unskillfully and negligently performed their duty as such surgeons and physicians, that the injured arm became permanently disabled.   On a trial before a jury, a verdict was obtained against appellants, which was sustained by the court.

The errors assigned, that are discussed in the argument, relate, first, to the rejection of proper evidence; second, to

the giving of improper instructions for the appellee, and the refusal to give proper instructions asked on behalf of appellants, and third, to the refusal of the court to grant a new trial on the ground that the verdict is contrary to the weight of the evidence.

The evidence proposed to be introduced, to which it is claimed an objection was erroneously sustained, was whether Doctor McAully had used his best skill and judgment in the treatment of the injury. The record shows that while an objection was sustained to the question bearing on that subject in the form as put, yet thereafter the same question in substance was answered without objection.

There was no error in the giving or refusing instructions. Those given on behalf of appellee, only hold the appellants to the use of ordinary skill, ability and care. The objection is made that they do not lay down the rule of law that the appellee was required to prove her case by the *preponderance* of the evidence. This is not required to be so stated in the plaintiff's instructions. The rule is implied in the statement in the instructions. "If you believe from the evidence." It is for the defendant, if desired, to lay down the formal rule of law, as to the preponderance of the evidence.

In the third instruction given on behalf of defendants it was stated that, " Unless the plaintiff proves by a *preponderance* of the evidence that they, the defendants, did not possess that degree of skill ordinarily possessed by members of the profession, or exercise it in their treatment of the fracture herein, you should find for the defendants."

The instruction offered on behalf of the defendants as to the character of proof required, and refused by the court, of which complaint is made, was clearly bad. It was, " The jury are instructed, on behalf of the defendants, that the plaintiff in this case is bound to prove, to the *satisfaction* of the jury, by a *clear* preponderance of the evidence," etc. This instruction is defective in the use of the words italicized.

The seventh instruction given on behalf of appellees, in

regard to what is to be considered in arriving at a conclusion as to which side has the preponderance of the evidence, is subject to some criticism, but, from the language used, it is not thought the jury would obtain the idea that the evidence of expert witnesses was to be excluded, or not considered. It concludes as follows: "It is for the jury to determine, from the evidence and circumstances before them, whether the defendants were negligent in the treatment of the plaintiff for a fracture of her arm."

Most stress is laid on the claim that the evidence does not support the verdict and judgment.

There is no claim that the fracture itself was not properly reduced, or that the result, in that respect, was not satisfactory.

Specifically, the charge is that the hand was so tightly wrapped with bandage, and so kept for so long without change, that, through lack of circulation, ulcers formed, the flesh gangrened and sloughed off, and thereby the appellee has, practically, lost the use of her hand.

While this record is quite large, the issue is narrowed to the following: Is the present condition of the appellee's hand the result of the injury—the broken radius—or is it the result of the surgeon's failure to use ordinary skill and care in the treatment of the injury? That the hand itself of appellee is seriously, if not permanently, injured, is clearly proven. She can not flex her thumb or fingers so as to grip anything. What caused that condition? The proof shows that the bandage was left on the hand and arm for about six weeks, the appellee claims without removal, the appellants claim it was twice removed, and at once the same bandage, cotton and splint were replaced. The jury evidently found with appellee on the question, and we are not disposed to differ from them, in view of all the facts and circumstances disclosed by the evidence.

The proof is that the appellee complained of the injury, and that she was so ill from the effects of the pain that she frequently had to retire to her bed. It is altogether probable that the pain was caused by the tight bandaging and not

from the broken bone. In fact, the disclosure of pus and large sores on the hand when the bandage was removed shows that the pain did not arise from the injury itself. There does not seem to be any reasonable excuse for allowing the hand to get in the condition disclosed by the evidence in this case. The appellants were frequently at the house of appellee's father, attending him and another child in sickness, shortly after the injury to appellee, and had every opportunity to observe the condition of the hand. It is inconceivable that the sores described by the witnesses were mere bed sores, or developed in a few days' time into the condition the proof discloses.

These appellants probably are skilled in their profession but in this instance the evidence shows they did not observe that care or use that skill imposed on them by law. They were intrusted with a grave responsibility, the proper discharge of which was far-reaching in its consequences. The law will not permit them to be neglectful in the discharge of that duty, with impunity, whereby such serious consequences may result, as disclosed by the evidence in this case. The evidence in this case does not impress the mind that there was a lack of skill or judgment but a lack of care and attention. The suggestion of counsel for the appellants that the flexor and extensor tendons that extended over the wrist and served to operate the thumb and hand, became imbedded in the soft matter thrown out about the fractured bone, which, when hardened, produced partial paralysis, is not considered to be supported by the evidence. Such a result might possibly occur, but it would be so unusual and exceptional that before the impairment of the use of the hand, such as is disclosed in this case, would be attributed to such a cause, there would have to be no other to which it could be reasonably ascribed.

The judgment is affirmed.

*Judgment affirmed.*