## James F. Leggett v. Illinois Central R. R. Co.

1. TRIALS—*Amount of Proof Required in Civil Cases.*—In civil cases juries are required to decide upon the preponderance of the evidence and this, too, when the proof does not show the existence of the facts in question to the satisfaction of the jury, or they may have reasonable doubts as to the real truth; and an instruction that the evidence must show the necessary facts with reasonable certainty is erroneous.

2. RAILROADS—*Fences—Proof as to Point of Access to Right of Way.*—In a suit against a railroad company to recover the value of a horse alleged to have strayed upon the right of way of the company through an insufficient fence, an instruction requiring the plaintiff to prove " where the horse actually did get upon the right of way " is improper.

3. FENCES—*Rule as to Sufficiency of.*—A fence that will turn ordinary stock, or stock not extraordinarily breachy, is a good and sufficient fence.

4. EVIDENCE—*Of Events Happening After an Accident.*—In a suit for damages, based on the insufficiency of a fence, evidence that the fence was removed shortly after the happening of the accident complained of is not admissible.

**Trespass on the Case,** for killing a horse. Appeal from the County Court of De Witt County; the Hon. GEORGE K. INGHAM, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed December 2, 1897.

CHAS. R. ADAIR and E. J. SWEENEY, attorneys for appellant.

A sufficient fence is one that will not only turn ordinary stock, but stock somewhat unruly. Chicago & A. R. R. Co. v. Utley, 38 Ill. 411.

The presumption is that a sufficient fence would have turned a horse that was somewhat unruly; therefore the burden is upon the defendant to show that the animal was breachy if the defendant insists, as a defense, that the fence was sufficient. Missouri Pacific Ry. Co. v. Bradshaw, 33 Kas. 533; Thornton on Railroad Fences, Par. 239.

A plaintiff should be permitted to show that a railroad right of way fence was removed shortly after the accident, and a new one built in its stead, as showing the condition of such old fence.

In a civil cause it is error to instruct that a party must prove to the satisfaction of the jury, etc. The law does not require such a high degree of proof for the maintenance of an issue in a civil cause. Ruff v. Jarrett, 94 Ill. 475; Herrick v. Gary, 83 Ill. 85; Graves et al. v. Colwell, 90 Ill. 612; Protection Life Ins. Co. v. Dill et al., 91 Ill. 174; Stratton v. Central City Horse Ry. Co., 95 Ill. 25; Gooch v. Tobias, 29 Ill. App. 268; Balohradsky v. Carlisle et al., 14 Ill. App. 289; Connelly v. Sullivan, 50 Ill. App. 627; Mitchell v. Hindman, 47 Ill. App. 431.

If it is error to instruct that a party must prove to the "satisfaction " of the jury, etc., then it is error to instruct the jury that " unless you can say upon your oaths," etc., for the latter is much stronger than the former.

Moore, Warner & Lemon, attorneys for appellee; James Fentress and C. V. Gwin, of counsel.

It was not error for the court to refuse to permit the appellant to prove that several months after the accident the railroad company removed the old board fence and erected a new one. Hodges v. Percival, 132 Ill. 53; The Village of Warren v. Wright, 103 Ill. 298.

Mr. Justice Glenn delivered the opinion of the Court.

This is an action on the case brought by appellant against appellee in the County Court of DeWitt County to recover the value of a horse that strayed upon the right of way of appellee, through an insufficient fence, and was killed by the train of appellee. The case was tried by a jury that found for the appellee. Judgment was rendered upon the verdict for appellee for costs, and the case brought by appeal by appellant to this court.

There was a close conflict in the evidence. But as the case must be reversed on account of erroneous instructions given by the court on behalf of appellee, we will refrain from a discussion of the evidence with reference to whom the merits of this case rest.

One of the errors assigned on the record is that the court

below erred in overruling appellant's motion for a new trial, and one of his reasons for a new trial, is that the court gave improper instructions on behalf of appellee. The appellant was bound to make out his case by a preponderance of the evidence; a bare preponderance is sufficient, though the scales drop but a feather's weight in his favor.

A very different rule was adopted by the court below in this case. The court told the jury in the second, eighth and thirteenth instructions given for appellee, that "if the proof fails to show with reasonable certainty at what place the animal got on the right of way, then your verdict should be for the defendant;" and "if, after considering all the evidence together, they are unable to say, with reasonable certainty, whether the animal in entering the right of way went through a sufficient or insufficient fence, then the jury should find the defendant not guilty;" and also "if you are unable to tell from the evidence with reasonable certainty whether the horse got on to the right of way through the fence or some other fence, * * * then it would become the duty of the jury to find the defendant not guilty." The rule announced in these instructions does not apply to a civil case. To establish a fact to a reasonable certainty requires that degree of proof of certainty which the jurors would be willing to act upon in their own grave and important concerns; that is, the degree of proof should be such that the fact is established beyond a reasonable doubt. "A reasonable doubt" and "reasonable certainty" and "moral certainty" mean one and the same thing. 3 Greenleaf on Evidence, Sec. 29, n. 2; Commonwealth v. Webster, 5 Cush. 320.

The degree of proof required to enable the appellant to recover, as announced in appellee's fourth and first modified instructions given, is not warranted by the law. In these instructions the court told the jury that "Unless you can say, upon your oaths, where the horse got upon the right of way of the appellee, and that at that place the railroad company was guilty of negligence, your verdict must be for the defendant." The language used in these instruc-

tions is such that it would lead the ordinary man to believe, before he could find a verdict he must be satisfied as to where the horse got upon the right of way of appellee, and that at that place appellee was guilty of negligence; he must be so well persuaded of the existence of these facts from the evidence that he would under oath say they existed. This is requiring a higher degree of proof than is required to establish the existence of a fact beyond a reasonable doubt.

In civil cases juries are required to decide facts upon the preponderance or weight of the evidence, and this too when the proof does not show the existence of the fact in question to the satisfaction of the jury, or they may have reasonable doubts as to the real truth. Stratton v. Cent. City Horse Ry. Co., 95 Ill. 25.

There is quite a line of decisions of the Supreme and Appellate Courts of this State holding when the jury have been instructed, that before they can find for the plaintiff, he must show by the evidence in the case, " to the satisfaction of the jury; " " that the jury must be satisfied by a preponderance of the evidence;" " unless the jury are convinced by a preponderance of the evidence; " and " facts must be established by satisfactory evidence; " that the degree of proof required under these instructions is greater than is required by the law, and the instructions should not have been given. Herrick v. Gary, 83 Ill. 85; Graves v. Colwell, 90 Ill. 612; Protection Life Ins. Co. v. Dill, 91 Ill. 174; Ruff v. Jarrett, 94 Ill. 475; Stratton v. Cent. City Horse Ry. Co., *supra;* Brent v. Brent, 14 Ill. App. 256; Gooch v. Tobias, 29 Ill. App. 268; Connelly v. Sullivan, 50 Ill. App. 627; Mitchell v. Hindman, 47 Ill. App. 431. The degree of proof required in the foregoing cases is not nearly so great as that adopted by the court below in the case at bar. The fifth instruction given on behalf of the appellee is erroneous. In this instruction the jury are directed that under the law the plaintiff is bound to prove by a preponderance of the evidence where the horse actually did get upon the right of way. This instruction requires that degree of proof as to the place where the horse got on the right of way, that there could be no doubt as to the place.

The court below in the second instruction given for appellant, and the ninth and twelfth, and also in the second modified instruction given for appellee, attempted to announce the rule as to what was a good and sufficient fence, but did not state it accurately.    We would not for this reason reverse the judgment.    The rule as now settled by the Supreme and Appellate Courts of this State is, that a fence that will turn " ordinary " stock, or stock " not ordinarily breachy," is a good and sufficient fence.    Chicago & A. R. R. Co. v. Utley, 38 Ill. 410; Scott v. Wirshing, 64 Ill. 102; Scott v. Buck, 85 Ill. 334; Albright v. Bruner, 14 Ill. App. 319.

The appellant offered to prove on the trial of this case in the court below by the witness, John Jordan, that the fence between Rilley's pasture and the right of way of the railroad was removed shortly after the accident, and that during the fall after the horse was killed he hauled the old fence away.    The horse was killed on the night of August 19, 1895.    This the court refused to allow him to do.    In this ruling there was no error.    Hodges v. Percival, 132 Ill. 53; Village of Warren v. Wright, 103 Ill. 302.

For the errors above indicated the judgment of the court below is reversed and the cause remanded.