## Sarah J. Ames v. Jessie R. Thren.

### Gen. No. 4,851.

1. BOUNDARY LINES—*location of, with respect to city lots.* The true boundary lines of a city lot are where they are actually marked by the monuments fixed by the surveyor to indicate where they are to be found, and the most satisfactory evidence of the place where the lines were located is afforded by the original stakes.

2. INSTRUCTION—*upon credibility of witness; when erroneous.* An instruction is of doubtful propriety which permits the jury to pass upon the credibility of witnesses by means of a consideration, among other things, of all "the other circumstances appearing on the trial."

3. INSTRUCTION—*upon preponderance of evidence; when erroneous.* An instruction which requires that the evidence shall preponderate in favor of the plaintiff as to all the allegations of the declaration is erroneous. It is enough if the plaintiff shall prove by a preponderance of the evidence all the *material* allegations of his declaration.

Trespass on the case. Appeal from the Circuit Court of Winnebago County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed October 10, 1907.

JAMES R. JAFFRAY and WILLIAM L. PIERCE, for appellant.

H. S. HICKS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This case was before this court at a former term by an appeal prosecuted by the present appellant, and the opinion rendered at that time reversing the judgment and remanding the case for a new trial may be found in 125 Ill. App., at page 312, where a full statement of the issues and the facts in controversy is given. There has been no change in the issues since the former appeal, and the statement of the issues and controversy in the case in the former opinion of this court fully describes the facts and issues in the present appeal.

From the former opinion it appears the case was reversed
for two reasons: first, because the husband of appellant was
not permitted to testify in her behalf when the controversy
was concerning her property, and second, because the evi-
dence as to the correctness of the location of the eastern boun-
dary line of lot thirteen in block thirty-seven of Gregory's
addition to the city of Rockford as located by the surveyor,
Hand, should be clearer than it was shown by the record on
that appeal. The husband of appellant was not presented as
a witness on the hearing from which this appeal is taken.
Proof was made concerning the location of the boundary line
of said lot by Hand and Stowell, the city engineer, and on
behalf of the appellant by Tissander, the county surveyor of
Winnebago county.

The plaintiff's cause of action turned upon the question
where the true division line is between lots thirteen and
fourteen in said block thirty-seven. If it was where a fence
was standing at the time appellee bought the lot of appellant,
then appellant had no cause of action. If the line began at
an iron pin three feet west of the fence, then appellant might
have a cause of action if proof of fraud and deceit on the
part of appellant was made.

Mrs. Ekeberg is the owner of lot fourteen, lying next east
of lot thirteen. She had her father build the fence in 1888
on the line of a fence in the same place previous to that time.
This old fence was there in 1882 when the Ekebergs bought
lot fourteen. She was permitted to testify, over the objec-
tion of appellant, to what she said to her father in instructing
him to build the fence. That part of her evidence directing
the building of the fence we think proper as a part of the
*res gestæ* of building the fence. She was also permitted,
against the objection of appellant, to testify: "We did not
know where the line was, it wasn't surveyed;" that she "told
her father she didn't know where the line was"; and on
cross-examination she said she didn't know where the line
was. The question was then asked: "And you didn't know
any different when you talked to Mrs. Ames about it?" She
replied, "Certainly, I knew the fence wasn't on the line; the

people had the lot surveyed and told me." Appellant moved
to exclude this answer, but the court overruled the motion.
This should have been excluded as hearsay, and not respon-
sive to the question. This evidence of Mrs. Ekeberg as to
what people told her and what she told her father concerning
the line was prejudicial and should not have been permitted.
Appellee was also permitted to testify where Hand located
the lot line. That was simply hearsay. She could testify
to the location of the iron pin, but whether that was the lot
line or not or whether it was located by Hand she did not
know, except from what some person told her. The evidence
also showed that the section line between sections twenty-
five and twenty-six was shown by the records to have been
located by government monuments, "a post in a mound over
two quarts of charcoal." We think these monuments would
be the best evidence of the true location of that line. Where
the location of a private line depends upon showing a public
boundary, the latter may be shown by proof of common or
general reputation (Mullaney v. Duffy, 145 Ill., 559), yet
if the original monuments of the lots, blocks, or sections can
be found or located they would be the best evidence of the lo-
cation of their respective lines.

If Eighth street, which runs on the east side of lot four-
teen, was located and a sidewalk or fence was built on the
west side of the street while the original stakes were in exis-
tence, or if the original fence built around lot thirteen was
erected while the original stakes or marks placed by the sur-
veyor who made the survey of Gregory's addition in 1855,
were in existence, and was built on the lines of the lot as
originally surveyed, then the lines should not now be changed
by a new survey or by a survey starting from other points.
If it be the fact, as contended by appellee, that Hand's survey
made for the purpose of building a sidewalk on the west side
of Eighth street moved the street three feet west of the line
of the lot and street as the line was fixed by the original sur-
vey and upon Mrs. Ekeberg's lot, that would not give Mrs.
Ekeberg the right to move her west line over upon the Thren
lot, west of where the original survey had marked the divid-

ing line between lots thirteen and fourteen. "The true boundary lines of a city lot are where they are actually marked by the monuments placed by the surveyor to indicate where they are to be found, and the most satisfactory evidence of the place where the lines were located is afforded by the original stakes." Bauer v. Gottmanhausen, 65 Ill., 494; City of Mt. Carmel v. McClintock, 155 Ill., 608. If the ordinary boundary of the lots can in any way be located the lines should not afterwards be moved because surveyors may afterwards locate the line elsewhere by measurements starting from other points. A mistake of the original survey made either in the survey on the ground and incorrectly placing monuments, or in inaccuracy in the plat, may not be so corrected after conveyances have been made based on the monuments of the survey as they were originally placed.

The first instruction given for appellee reads: "The court instructs the jury that the credibility of witnesses is a question exclusively for the jury; and the law is, that where a number of witnesses testify directly opposite to each other, the jury are not bound to regard the weight of evidence as evenly balanced. The jury have a right to determine from appearance of witnesses on the stand, their manner of testifying, their apparent candor and fairness, their apparent intelligence, and from all other surrounding circumstances appearing on the trial, which witnesses are the most worthy of credit, and to give credit accordingly." The phrase "all the other circumstances appearing on the trial" is of very doubtful propriety; it should be "all evidence in the case"; many things might occur on the trial which should not be considered by the jury. The criticism on this part of the instructions made in Ryan v. People, 122 Ill. App., 461, we think in point. It is said this instruction was approved in North Chicago St. R. R. Co. v. Wellner, 206 Ill., 272. The point raised by counsel in the present case was not raised in the Wellner case. The only question there raised was on the use of the words, "their apparent intelligence or lack of intelligence," and the court only passed upon the question upon which its judgment was asked and in which it was claimed

there was error.   The jury should be limited to a considera-
tion of the evidence and the instructions.

Instruction number eight asked by appellant and refused
was properly refused for the reason it told the jury "unless
you do believe from the evidence the plaintiff has proved
every allegation by a preponderance of the evidence," etc.
It was sufficient if plaintiff proved every material allegation
of any one count, whereas the instruction would require the
proof of every allegation in every count.   In this litigation
verdicts have been returned at different trials in favor of
appellant and of appellee showing that it is a close case upon
the controverted facts.   The evidence erroneously admitted
may have been that which caused the jury to decide that the
preponderance of the evidence was with the appellee.   For
the reasons indicated the judgment is reversed and the cause
remanded.

*Reversed and remanded.*