### Nikola Balenovic, Defendant in Error, v. Mary Ansick, Plaintiff in Error.

### Gen. No. 17,575.

1. EVIDENCE—*proceeding at different trial.* In an action to recover money deposited with defendant for safe keeping, the records and files in another case between different parties held inadmissible to rebut statements made by defendant on cross-examination.

2. INSTRUCTIONS—*preponderance of evidence.* An instruction to the

jury to determine on which side the preponderance of the evidence lies from the "facts shown by the evidence and from all other facts and circumstances" *held* cause for reversal.

Error to the Municipal Court of Chicago; the HON. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed June 30, 1913.

JOHN CURTIN, for plaintiff in error; STAHL & LEWALD, of counsel.

R. F. KOMPARE, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Defendant in error began suit in the Municipal Court to recover from plaintiff in error money which he claimed he deposited with her for safe keeping. He had no account or memoranda of any kind showing when or in what amounts deposits were made or moneys withdrawn. Neither did he pretend to have any recollection of those things. He testified that he delivered some of it to her in person, but that he delivered the most of it to his landlady and told her to deliver it to plaintiff in error, but that all he knew as to whether she did so deliver it was that his landlady told him she did so. Defendant in error is an ignorant person and is not able to do even the simplest problems in addition. When asked, "Now can you add figures?" he replied, "No, I cannot add. I can just imagine." And again when he was asked, "Do you know what would be necessary to add to $140 to make $270," he replied, "No, I can just imagine that much." He also testified, "I don't know if I took money over there more than once or twice, for I did not keep track. I just kept in my head the whole amount. The whole amount was $370. I did not figure how much I handed her above $140." He then testified that he withdrew at different times $70, $25, $40, $30, $40, $20, and $20,

and that plaintiff in error told him she still had $265 of his money in her hands.

The attorney for defendant in error took the stand and testified that he had two conversations with plaintiff in error about the money defendant in error claimed she had belonging to him; that in one of these conversations plaintiff in error told him she had $265 and in another that she had none. Plaintiff in error testified that defendant in error had deposited with her at different times $40, $30, $20, $20, and $20, a total of $130, and that she had given that all back to him in items of $70, $40, and $20, and gave the conversation that took place at the times these withdrawals were made. She also positively denies having told defendant in error, his attorney, or any one else that she still had $265 of his money, and that in fact she did not have a cent of it. She also positively denies that the landlady of defendant in error ever gave her any money for him. The parties and substantially all, if not all, of their witnesses were foreigners and in their business transactions, and even in the giving of their testimony, conversed in the Slavonian language.

The verdict and judgment were for defendant in error for $265.

Where the evidence is sharply conflicting, it is important that the jury should be accurately instructed. In the charge to the jury in this case there are several faulty instructions either of which might well have misled the jury. Plaintiff in error complains of the following:

"You are the sole judges of the facts and the credibility of the witnesses and the weight to be given their testimony. In determining upon which side the preponderance or greater weight of the evidence is, the jury should take into consideration the opportunities of the several witnesses for seeing or ascertaining from their own personal knowledge the things about which they testify; their conduct and demeanor while testify-

ing; their interest or lack of interest, if any, in the result of the case; the relation or connection, if any, between the witnesses and the parties; the apparent consistency, fairness and congruity of the evidence; the probability or improbability of the truth of their statements; and from all these facts as shown by the evidence, and from all other facts and circumstances, the jury must decide on which side is the preponderance.''

This instruction informs the jury they are to determine on which side the preponderance of the evidence lies from the *"facts shown by the evidence* and from *all other* facts and circumstances,''* which left the jury to roam around among facts not in evidence in order to determine where the preponderance of the evidence was. While in this case such a course would undoubtedly appeal strongly to the jury, the law is and the jury should have been instructed that they could only consider facts *in evidence.* This instruction alone is sufficient to make a reversal of the judgment imperative.

During the cross-examination of plaintiff in error some statement was made by her as to payments of money by the landlady of defendant in error to the husband of plaintiff in error, and as to the amount of the account on which it was paid at the time of such payments. To rebut her statement defendant in error was allowed over the strenuous objection of plaintiff in error to introduce the records and files in a case that had been disposed of in which the husband of plaintiff in error had sued the husband of the landlady of defendant in error. It was not offered as impeaching evidence and what it tended to prove is hard to imagine. It was clearly inadmissible for any purpose in the case at bar.

We dislike very much to remand this case and would not do so, but would enter judgment here if from the chaos of irrelevant and incompetent matter before us we could determine what judgment should be entered.

Upon a retrial it may be possible to establish the truth, whatever it may be, and by means sufficiently within the rules of law to satisfy the demands of justice.

The judgment of the Municipal Court is, therefore, reversed and the cause is remanded to that court.

*Reversed and remanded.*