## Wiley Fowler, Appellant, v. David Cade, Appellee.

1. INSTRUCTIONS, § 96*—*when instruction on credibility of witnesses erroneous.* An instruction on the credibility of witnesses, stating that it was for the jury to determine from the manner of the witnesses, the reasonableness or otherwise of their testimony and their means of knowing, if shown by the evidence and all other circumstances tending to aid them in weighing the testimony, etc., was erroneous as it did not confine the jury to the evidence in the case in determining the credibility of the witnesses.

2. INSTRUCTIONS, § 114*—*when instruction as to allegations required to be proven erroneous.* An instruction stating that plaintiff must prove each material allegation in the declaration and bill of particulars by a preponderance of the evidence was erroneous, as proof of the material allegations in any one of the counts would have been sufficient, and the bill of particulars was neither part of the declaration nor of the record and controlled in no way the weight of the evidence.

3. PLEADING, § 337*—*what is object of bill of particulars.* The bill of particulars is no part of the declaration and no part of the record and controls in no way the weight of the evidence, its only object being to limit the proof upon the trial to the items mentioned therein.

4. PLEADING, § 395*—*what allegations required to be proven.* Proof of the material allegations in any one of a number of counts of the declaration by a preponderance of the evidence is sufficient to entitle a plaintiff to recover.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. ANIMALS, § 48*—*when instruction in action for killing sheep erroneous.* In trespass for the killing of plaintiff's sheep by defendant's dogs, it was error to instruct that if the evidence had not proven by the greater weight the identity of the dog or dogs which caused the injury, it was the duty of the jury to find the defendant not guilty, as in this class of cases there might be ample proof that the dogs had killed the sheep without positive identification of each particular dog which did it.

6. INSTRUCTIONS, § 87*—*when instruction on degree of proof required erroneous.* An instruction which required the jury to be *convinced* by the proofs was erroneous.

7. ANIMALS, § 12*—*who liable for killing of sheep by pack of dogs.* Where two or more dogs engage as a pack in killing or worrying sheep, the owner of any one of the dogs so engaged is liable for the whole of the damage done.

8. ANIMALS, § 40*—*when variance in action for killing sheep should have been obviated by amendment.* In trespass for killing, wounding and worrying sheep, by dogs, where the declaration charged in each count that the damage was done by two dogs owned by defendant, and there was some evidence tending to show that one of the dogs was not owned by the defendant, the variance should have been obviated by amendment.

Appeal from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1918. Reversed and remanded. Opinion filed October 22, 1918. Rehearing denied April 3, 1919.

LITTLE & FINFROCK and O. B. DOBBINS, for appellant.

F. M. GREEN and GREEN & PALMER, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Appellant brought his action in trespass on the case against appellee to recover damages for the killing, wounding and worrying of certain sheep of appellant by the dogs of the latter. The jury rendered a verdict in favor of appellee, and from the judgment thereon this appeal is taken.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

As the judgment must be reversed for errors of law, the weight of the evidence will not be discussed. The third instruction tells the jury that they are the sole judges of the evidence and of the credibility of the witnesses, and, "it is for you to determine from the manner of the witnesses when testifying, the reasonableness or otherwise of their testimony and their means of knowing, if shown by the evidence, and any and all other circumstances tending to aid you in weighing the witnesses' testimony and determining the weight to which the same is entitled, and if you believe that any witness has wilfully testified falsely, to any material fact in issue, you are at liberty to disregard his entire testimony, except in so far as it may be corroborated by other credible evidence in the case." This instruction does not confine the jury to the evidence in the case in determining the credibility of witnesses, but permits them to determine this question upon their own ideas of the reasonableness of their testimony and from all other circumstances, whether shown by the evidence or not. Such an instruction permits the jury to determine the credibility of witnesses on matters entirely outside of the evidence in the case. *Hartshorn v. Byrne*, 147 Ill. 418; *Hartford Life & Annuity Ins. Co. v. Gray*, 80 Ill. 28; *Ames v. Thren*, 136 Ill. App. 568; *Balenovic v. Ansick*, 181 Ill. App. 660; *Ryan v. People*, 122 Ill. App. 461.

The fourth instruction states that the plaintiff must prove each and every material allegation in the declaration and bill of particulars by a preponderance of the evidence in order to recover. The declaration consists of five counts. Proof of the material allegations in any one of these counts by a preponderance of the evidence would have been sufficient to have entitled the plaintiff to recover. The bill of particulars is no part of the declaration and no part of the record, and controls in no way the weight of the evidence. Its only object is to limit the proof upon the trial to the items mentioned therein.

The sixth instruction states, "that if the evidence in this case has not proven by the greater weight thereof the identity of the dog or dogs which caused the injuries to the lambs in question, then in that event of the proof it is your duty to find the defendant not guilty." The principle intended to be conveyed by this instruction is difficult to determine. In cases of this character there might be ample proof that the dogs of a defendant had killed the lambs of the plaintiff without positive identification of each particular dog which did the killing. There is no law authorizing such an instruction.

The eighth instruction tells the jury, among other things, "but in case you should find for the plaintiff on any one or more of the material allegations of his declaration and bill of particulars, you should do so only where you are *convinced* of such fact or facts by the preponderance or greater weight of the evidence," etc. A jury is only required to believe from the preponderance of the evidence and does not have to be convinced or satisfied by the proofs. *Hoener v. Koch,* 84 Ill. 408; *Gooch v. Tobias,* 29 Ill. App. 268; *Ruff v. Jarrett,* 94 Ill. 475; *McDeed v. McDeed,* 67 Ill. 545; *Crabtree v. Reed,* 50 Ill. 206.

The ninth instruction also tells the jury that the plaintiff cannot recover unless he has proven by a preponderance of the evidence the items set out in the bill of particulars.

Instructions 15 and 16 tell the jury that the plaintiff cannot recover for any damages that were not actually occasioned by the dog or dogs which were owned by the defendant. We held in the case of *Dole v. Hardinger,* 204 Ill. App. 640, that each owner of a dog engaged in doing the damage is liable for the whole amount of the damage done. If two or more dogs engage as a pack in killing or worrying sheep, the owner of any one of the dogs so engaged is liable for the entire damages.

The declaration charges in each count that the damage was done by two dogs owned by the defendant, and there is some evidence tending to show that one of the dogs was not owned by the defendant. In order to avoid a charge of variance between the allegations and the proofs, leave should be granted to the plaintiff to amend his declaration, if he so desires.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*