## Watson Faulkner v. Katherine Birch.

1. ALLEGATIONS AND PROOF—*extent of rule requiring agreement between.* This rule applies as well to actions *ex delicto* as to those *ex contractu.*

2. VARIANCE— *when objection for, does not avail.* An objection for a variance will not avail unless interposed at the trial of the cause and unless at such time it was specific and pointed out the supposed variance.

3. CROSS-EXAMINATION—*when improperly restricted.* Cross-examination is improperly restricted where the time, place and circumstances concerning a material transaction testified to upon direct is not permitted to be examined into.

4. DRUGGIST—*duty of, in compounding prescriptions.* A druggist in putting up a prescription is not an absolute insurer; he is bound only to the exercise of ordinary care, though that care is in such case of a high character.

5. INSTRUCTIONS—*must not assume facts in dispute.* Instructions should not assume the existence of material facts in controversy.

6. INSTRUCTIONS—*must not single out evidence.* Instructions must not single out and give special prominence to particular evidence in the cause.

Action on the case. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

A. D. MULLIKEN, for appellant.

L. A. WEAVER and RAY, DOBBINS & RILEY, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

The material averments of the declaration are that defendant, Faulkner, was a regularly licensed pharmacist and engaged in the business of conducting a drug store and pharmacy and the filling of medical prescriptions for hire; that plaintiff employed defendant to fill a prescription which

had been prescribed for her by a physician, which prescription
called for an ingredient known as codeine; that defendant
filled the prescription and plaintiff took the medicine so
compounded by defendant; that defendant carelessly and
negligently filled the said prescription by using an ingredi-
ent known as atropine instead of codeine; that atropine
is a deadly poison and thereby plaintiff became sick, etc.
Defendant pleaded the general issue. A trial by jury was
had and a verdict rendered for plaintiff in the sum of
$1,700, upon which the court, after overruling defendant's
motion for a new trial, entered judgment.

It appears from the proof on the part of plaintiff that
defendant is a druggist in Champaign and that Dr. F. H.
Powers, a physician of Champaign, was in attendance upon
a Mrs. Johnston, who was ill of pneumonia. On January 30,
1904, he went to defendant's store and there wrote a pre-
scription for Mrs. Johnston which Faulkner filled. The
prescription called for codeine as an ingredient and stated
on its face that it was for Mrs. Johnston. It was put up in
capsules, a box of capsules was taken to Mrs. Johnston's
home and some of the capsules were administered to her.
Plaintiff is a trained nurse, and on the second day of
February, by Dr. Powers' direction, began attendance on
Mrs. Johnston as a nurse. On the fourth or fifth of Febru-
ary the capsule box by direction of Dr. Powers was sent to
defendant to be refilled with the capsules, and was refilled
by him and was taken to Mrs. Johnston's. On February
6th, plaintiff, being troubled with a cough, by direction of
Dr. Powers took one of the capsules and shortly thereafter
experienced the effects of atropine poisoning, and it appears
without doubt that when the box was refilled atropine was
used instead of codeine in recompounding the prescription.
When plaintiff offered her proof showing for whom the
prescription was made and filled and the circumstances
under which plaintiff took the capsule, defendant made
general objection, which was overruled. At the close of
the evidence on the part of the plaintiff and again at the
close of all the evidence, defendant in due form moved the

Faulkner v. Birch.

court to strike out the evidence in the case and to instruct the jury to find for the defendant, and the motions were overruled. In substance the grounds of the motions are, first, that the proof is variant from the averments of the declaration; second, that the evidence fails to establish a *prima facie* case; that the plaintiff failed to show any negligence on the part of the defendant. It is familiar doctrine that the *allegata* and *probata* must agree. A declaration is a specification in a methodical and legal form of the circumstances that constitute the plaintiff's cause of action. The declaration sets up a particular contract between the defendant and plaintiff, the negligent performance thereof by defendant, and the consequent injury to plaintiff. The proof made does not agree with the averments of the declaration. The declaration sets up facts in detail constituting a particular contractual relation entered into by the parties; the proof does not establish such relation but tends to establish only that general relation which exists between a druggist, a physician, and the public, arising out of the fact that the druggist is engaged in carrying on the business of compounding prescriptions. When a plaintiff avers particular facts descriptive of the transaction upon which he bases his action, he must prove them as laid, even though it is not necessary for him to aver such particular description, and this rule prevails not only in actions *ex contractu* but also in actions *ex delicto* when the gist of the action is the negligent performance of a contract. This rule, however, is for the benefit of the defendant and is one which, in a suit at law, he may waive, and which he does waive unless specific objection be made in apt time. The defendant when the evidence was offered, made merely general objection; general objection is sufficient for irrelevancy or incompetency but is not sufficient for variance. An objection for variance should be based upon that ground, and should specifically point out wherein the variance consists, otherwise objection to the evidence is deemed as waived. In such case a general objection is equivalent to no objection. The evidence, therefore, having been admitted with-

out objection, the court was not required at the conclusion
of the plaintiff's proof or at the conclusion of all the proof
to entertain the defendant's motion to strike out the evi-
dence.   Such a practice is not calculated to advance the
administration of justice, and is promotive of confusion
rather than clearness in the record.   If objection had been
made in due form and apt time, when the evidence was of-
fered, plaintiff could then have amended her declaration,
and if the amendment occasioned surprise to defendant,
application could have been made and would have been
granted for a continuance.   No complaint was made that
defendant was surprised nor was any application made for
continuance.   It is true the court in its discretion could have
allowed the motion when made, and also have allowed the
plaintiff then to amend her declaration, but it was not re-
quired so to do, and committed no error in denying the
motion as to this ground.   At the most it was matter of
discretion.   The second ground for the motion is that the
evidence fails to show any negligence by defendant.   It
appears further, from the evidence on the part of plaintiff,
that at the time defendant recompounded the prescription he
had no more codeine in stock and sent to another druggist
for six grains, and upon obtaining it discovered that the
druggist to whom he applied had sent him two grains more
than he ordered; that defendant then said that it was darker
and coarser than that he had previously used, that it did
not look like that he had been in the habit of using but that
" he guessed it was all right" and thereupon used it in fill-
ing the prescription.   Whether in such a case as this, proof
of negligence other than of the mere fact of using atropine
for codeine in compounding the prescription, be necessary
to be made, in the first instance, in order to make a *prima
facie* case for the plaintiff, we are not called upon to
determine, and as to that question express no opinion.
We think the evidence above mentioned was sufficient to
warrant the court in submitting the cause to the jury.   In
compounding medicines the health and lives of the public
may not with impunity be taken or injured by druggists

who compound prescriptions with the degree of care manifested by such proof. As we understand, atropine and codeine, in some forms at least, look much alike; in such cases ordinary care on the part of the druggist requires a very great degree of care. The care required is to be measured by the danger that is manifest. The court did not err in denying the motion on the second ground.

It is urged by counsel for defendant, and we think with reason, that the court improperly restricted his cross-examination of witnesses and improperly denied him the right to introduce evidence. When defendant on cross-examination inquired of plaintiff "if it was one of the same lot of capsules that she had been administering to Mrs. Johnston" that she took, the court sustained plaintiff's objection. We cannot see upon what ground. Defendant was surely entitled to a full cross-examination of plaintiff as to time, place and circumstances concerning which she had testified. Defendant was a witness in his own behalf and was asked by his counsel to describe the appearance of the drug which he obtained from the other druggist, to state whether there is a general similarity in the appearance to the naked eye of atropine and codeine, whether by the naked eye he could distinguish atropine from codeine, and whether he had ever handled any codeine that had the same appearance to the naked eye as the drug he had obtained. Objections were sustained to all these questions. Defendant also called several druggists to whom numerous questions were propounded, the general scope of which was to show in what forms atropine and codeine were received by druggists, their color, shape, process of manufacture, similarity, how distinguished and the like, all of which examination was denied by the court. In substance the defendant was denied the right to show what care he did exercise. Unquestionably he had the right so to show; to show that he was guilty of no negligence in the premises if he could; to show the facts whatever they were. A druggist in putting up a prescription is not an absolute insurer; he is bound only to the exercise of ordinary care

though that care as before mentioned is of a high character in such case as this.    There was serious error in refusing to admit proof by defendant upon the question of his alleged negligence.

The giving of instructions on behalf of plaintiff and refusing instructions offered by defendant is assigned for error.

The first instruction for plaintiff is not artistically drawn and is not entirely clear, but we cannot see that the jury were probably misled thereby.    Upon another trial it doubtless will not be asked or given in its present form.    The second instruction given for plaintiff is vicious throughout. It assumes that the defendant negligently filled the prescription; it directs the jury to find for the plaintiff if they find from the evidence that the prescription was not filled according to its terms; in substance it makes the defendant an insurer of the accuracy of his compounds.    The third instruction is faulty in that it substantially tells the jury that if they find that defendant made a mistake in compounding the prescription by putting in atropine instead of codeine they should find their verdict for plaintiff.    The fourth instruction is vicious for the same reason as is the third, and for the further reason that no proper statement is made therein of the care required of defendant.    It is long, obscure, incorrect in statement and misleading.

The sixth instruction for plaintiff, which was intended to be simply on the matter of damages, is prefaced by obscure if not positively erroneous language concerning the question of defendant's alleged negligence.    It should not have been given.    There is no error in that part of the instruction that refers to the matter of damages.    The seventh is also upon the subject of damages, is not subject to the objection referred to in the sixth, and is in proper form. The first refused instruction of defendant would have been perfectly correct if it had omitted the sentence relative to " negligence of some third party not the agent of defendant."    As it stands it serves only to distract the attention of the jury from the precise question whether defendant

was negligent. It assumes that "some third party" was not the agent of defendant, and it leaves the jury to determine what constitutes agency. The second of defendant's refused instructions is clearly bad. It assumes that defendant purchased the drug of a reputable pharmacist, it asserts that defendant had "the right to rely on the representation and warranty of the pharmacist that the drug delivered to him is the drug which he called for," and that "relying on such representation and warranty he would not be guilty of negligence." There is no proof of such representation and warranty, and if there were it would not as matter of law in and of itself release the defendant from the exercise of care himself. We are inclined to think the first clause of the third instruction is misleading in this case. It is: "The court instructs the jury that a druggist is not bound to exercise extreme or extraordinary care in the compounding of a prescription." He is bound to exercise only ordinary care, such care as is ordinarily possessed and exercised by members of his profession, but such ordinary care may require in a particular case, and did require in this case, extreme care. The remainder of the instruction correctly states the rule of law applicable to the case. The third instruction is: "Proof that the defendant did not use the drug specified in the prescription in compounding the same, and was mistaken as to the real nature of the drug he did use is not evidence of negligence on his part and you should not infer negligence on the part of defendant from that circumstance alone." The purpose of instructions is to inform the jury what principles of law are applicable to the facts which they may find disclosed by the evidence. Instructions may not determine the weight of the entire evidence or of any part of the evidence; the weight of evidence is wholly a matter for the jury. It is not proper practice to single out a portion of the evidence and instruct the jury that such evidence is insufficient upon which to render a particular verdict. If such practice were to be indulged in, then it would be proper to single out in a second instruction another item of evidence and give the same instruction as to that, and

so on as to every item or combination of items of evidence in the case.    Such a practice instead of enlightening a jury would simply confuse and befog.    The jury are to determine the issue from a consideration of the evidence in the whole, not in parcels.    There was no error in refusing the instruction.    The fourth and fifth of defendant's refused instructions are obviously bad.    Appellant does not defend them and they are indefensible.

It is also urged that the damages assessed by the jury are excessive.    We are inclined to think the damages are large, but we would hesitate to reverse this judgment on that ground.

For the errors indicated the judgment will be reversed and the cause remanded with leave to the plaintiff to amend her declaration as she may be advised.

*Reversed and remanded.*