## ACTION AGAINST A DRUGGIST FOR WRONGFULLY CAUSING DEATH.

Common Pleas Court of Hamilton County.

CATHERINE MEYER, ADMINISTRATRIX, v. JAMES E. FLANNERY.*

Decided, April 13, 1915.

*Action for Wrongful Death—Third Person Permitted to Testify that He had Purchased the Same Drug Shortly Before—And that No Injurious Results Were Manifested from its Use—Instructions to Jury as to the Exercise of Ordinary Care—Charge of Court—As to Preponderance of Evidence.*

1. An action against a druggist for wrongfully causing the death of the plaintiff's decedent by reason of selling to the son of the decedent a package of Rochelle salts containing cyanide of potassim where the defense is that the cyanide of potassium was not in the package containing the Rochelle salts at the time of its delivery, it is not error for the court to permit a third person to testify that he had purchased Rochelle salts shortly before and that no injurious results were manifested from the use of same.

2. It is not error for the court to instruct the jury that the druggist is bound to use ordinary care in and about the conduct of his business so as not to cause injury to persons buying by failing to give the drug asked for and giving instead some other drug or drugs which would be likely to cause injury and to further instruct the jury that if the druggist failed to give the drug asked for, but instead gave the drug asked for together with some other drug of dangerous properties, why then that would be failure to exercise ordinary care for which a recovery might be had in case of death resulting therefrom.

3. Where the court in his general charge to the jury uses the expression, "satisfy you by a preponderance of the evidence," and then explains in detail what he means by a preponderance of the evidence by submitting to the jury the familiar example of balancing the evidence as upon a pair of scales, and an examination of the entire record shows that the jury could not in any way have

*Affirmed by the Court of Appeals, without opinion, February 8, 1916.

been misled by the use of the expression, the expression so used will not constitute such prejudicial error as would justify a court in setting aside the verdict, where it otherwise appears that the case has been fairly and impartially tried and submitted to the jury. (*C., H. & D. Ry. Co.* v. *Frye*, 80 Ohio St., 289, distinguished.)

*Dempsey & Nieberding,* for the motion.
*Darby & Benedict,* contra.

GEOGHEGAN, J.

Heard on motion for a new trial.

This action was brought by the plaintiff, as administratrix of the estate of Joseph F. Meyer, deceased, against the defendant for negligently causing the death of said Joseph Meyer, the claim being based upon the fact that the defendant, who is a druggist, sold to the son of the decedent a package of Rochelle salts which contained a dangerous poison, cyanide of potassium, instead of selling Rochelle salts simply as he had been requested. The case was tried before a jury and resulted in a verdict for the defendant.

Three grounds are set out why the verdict of the jury should be set aside and a new trial granted; and I will take up these grounds in the order that they are alleged to have occurred during the trial of the action.

1. The court permitted a certain Hoffman to testify that on the afternoon of the day in question he had purchased Rochelle salts from the drugstore of the defendant and had administered them to his two and a half year old child and that they had no effect upon the child other than to accomplish the purpose for which they had been administered to the child. There was evidence tending to show that the Rochelle salts sold to Hoffman came out of the same bottle as those that were sold to the son of decedent and that they were purchased by Hoffman about two o'clock in the afternoon, just four hours before the sale to the son of the decedent.

Counsel for the plaintiff claims that this transaction was *res inter alios acta.*

I can not agree with this view. I can not see by what rule of law testimony to the effect that another person had taken the compound which was alleged to have caused the death of the plaintiff's decedent and suffered no serious effects therefrom, should be excluded, especially where the defense is that if cyanide of potassium were in the Rochelle salts at the time they were taken by the decedent it was placed in there between the time of the sale and the time of the taking of the drug by the decedent.

In the case of *Cameron* v. *Dow*, recently tried in the superior court, Judge Pugh, after much consideration, admitted testimony to the effect that there had been no complaint with reference to the Epsom salts sold by the defendant other than that made by the plaintiff. He admitted this testimony as tending to support the defendant's theory of the case that the arsenic was not in the salts at the time they were handed to the plaintiff or her agent. There does not seem to be any difference in principle between the two cases.

2. The second ground of error is that the charge was misleading as laying down two different rules of care.

I have examined this charge very carefully, in view of the criticism made upon it by learned counsel for the plaintiff, and have been unable to see that the criticism that he makes with reference to this portion of the charge is really well taken.

The court, at page 6 defined what negligence and ordinary care meant after the manner set out in the various text-books and legal literature upon the subjects, and then at page seven used the following language:

"Ordinary care requires of a person engaged in the business of selling drugs for immediate use by persons who may resort to his store for the purchase of same, to so conduct himself in and about the business as not to cause injury to persons buying those drugs by reason of the failure to give the drug asked for and the giving instead of some other drug or drugs which would be likely to cause injury. And, if the said person fails to exercise ordinary care in this respect and as a result of his failure to exercise ordinary care, injury or death is caused to the person

using the said drugs, then said person selling the drugs is liable for the said negligence.''

And on page eight the court practically charged the jury that if the defendant, through his agent, delivered to the son of the decedent a mixture of Rochelle salts and a poisonous drug called cyanide of potassium and that as a direct result the death of the decedent ensued, plaintiff would be entitled to recover.

Counsel for the plaintiff seems to think that this laid down two standards of care and the jury might be misled in believing that in one portion of the charge the court was instructing the jury that the care required of the druggist was the care required of an ordinary man of the street and in another part that the druggist was required at all events to give the medicine asked for and if he failed to do so he would be liable for damages notwithstanding he used the highest degree of care.

This charge can not bear that construction. The court charged the jury that the defendant was only liable if he was negligent; that negligence was the failure to exercise ordinary care; that ordinary care depended upon the circumstances of the particular transaction, and that in the case of a druggist selling drugs it required of him to give the medicine asked for and not some other medicine likely to cause injury. This seems to me to state correctly and in logical order those things upon which the ultimate issue of the case turned; and it seems to me that the twelve ordinary men of the jury could not have been misled by the court's charge, but they understood perfectly and it was repeated that if Flannery sold the poisonous drug at the time he was not in the exercise of ordinary care and therefore if his selling of the drug was the proximate cause of the death of plaintiff's decedent, he would be liable, and the jury perfectly understood that there was only one question before them in the case and that was whether or not Flannery did sell the drug with the poison in it.

I have read carefully the case of *Willson* v. *Faxon*, 208 N. Y., 108, and think the charge given in the case at bar thoroughly

consists with the rule laid down in that case. At page 114 the
court says:

"The negligence which must be established to render a drug-
gist liable in such a case as this is measured by his duty; and
while this is only to exercise ordinary care, the phrase ordinary
care in reference to the business of a druggist must be held to
signify 'the highest practicable degree of prudence, thoughtful-
ness and vigilance, and the most exact and reliable safeguards
consistent with the reasonable conduct of the business in .order
that human life may not constantly be exposed to the danger
flowing from the substitution of deadly poisons for harmless
medicines.' (*Tremblay* v. *Kimball*, 107 Maine, 53.)"

This is the rule that seems to be laid down in *Peters* v. *John-
son*, 58 W. Va., 644; *Sutton's Admr.* v. *Wood*, 120 Ky., 23;
*Faulkner* v. *Birch*, 120 Ill. App., 281; *Knoefel* v. *Atkins*, 40 Ind.
App., 428.

In *Tremblay* v. *Kimball*, *supra*, the court said at page 57:

"But while as has been seen, the legal measure of the duty
of druggists towards their patrons, as in all other relations of
life, is properly expressed by the phrase 'ordinary care,' yet it
must not be forgotten that it is 'ordinary care' with reference
to that special and peculiar business."

Then the court discusses the nature of the apothecary's busi-
ness, his relation to the public, and what ordinary care means
under those circumstances.

Having read all of these decisions thoroughly and having
read the charge in the case at bar carefully, I can not see that
there is any substantial distinction between the rule laid down
in the case at bar and that laid down in these authorities.

3. Counsel for plaintiff complains that the court erred when,
on page nine of the general charge to the jury, the court used the
following language:

"The plaintiff must show by a preponderance of the evidence
that the said mixture at the time of its delivery to the decedent's

son contained cyanide of potassium and that the said mixture was the mixture that was taken by the decedent and that the said mixture so taken by him was the direct cause of his death. If she fails to satisfy you of these facts by a preponderance of the evidence, then she can not recover. If she does satisfy you of these facts by a preponderance of the evidence, then she is entitled to recover the damages allowed by law in cases of this kind.''

That this was technically an error under the rule laid down in *C., H. & D. Railway Co.* v. *Frye*, 80 Ohio St., 289, there can be no doubt. In that case the Supreme Court condemned the use of the word ''satisfy'' and reversed the decision because of that error as well as an error with reference to the charge on the question of providing a safe place to work, holding that the court erred in charging the jury that it was the duty of an employer to provide his employee with a safe place to work, whereas the duty on the employer was to exercise ordinary care to provide his employees a safe place to work; that while the court in one portion of his charge did charge the correct rule of law by saying the duty was one of ordinary care to provide a reasonably safe place to work, in another place he said it was the duty of the defendant to provide a reasonably safe place to work, and that therefore the jury was misled by these two contradictory charges, as well as by the charge that they must be satisfied of the truth of the facts establishing plaintiff's contributory negligence.

I have examined this case very carefully in view of the particularly vigorous language of the opinion. However, in looking at that portion of the Supreme Court's opinion which deals with the error with reference to the use of the word ''satisfy,'' I find that they criticised the trial court's charge not only because of the use of the word ''satisfy,'' but the use of the word ''truth.'' In other words, they said the effect of the trial court's charge was that the jury must be satisfied of the truth of the facts set forth as constituting plaintiff's contributory

negligence and this was requiring a greater quantum of proof than was required under the law.

However, in the charge in the case at bar the court all through his charge used the language: "must prove by a preponderance of the evidence the essential facts necessary for plaintiff to make out her case," and then on page eleven in the charge, after the use of the word "satisfy" complained of above, the court instructed the jury as to what he meant by preponderance of the evidence by using the following language:

"By the term, burden of proof, I mean, of course, the preponderance of the evidence, the greater weight of the evidence. When a party has a burden of proof to sustain, it does not necessarily mean that he must have the greater number of witnesses; it simply means that the evidence on his side must be more convincing; it must outweigh or preponderate over that on the other side, in which event that side is said to have the preponderance of the evidence. You are to place the evidence, as it were, in a pair of scales, and if the evidence of the plaintiff upon the issues as I have laid them down to you, weighs more heavily in her favor, then the preponderance is in her favor. If it is evenly balanced and you are unable to determine upon which side it weighs the more, then the plaintiff has failed to sustain the burden of proof; and if it weighs more on the side of the defendant, the plaintiff has failed to sustain the burden of proof."

Now it would seem to be fair to assume that the court having, in a half dozen places in his charge, simply said that the plaintiff must make her case by a preponderance of the evidence, and then at two other places in the charge used the word "satisfy," then followed that up immediately by a clear explanation of what preponderance of the evidence means, the jury must not have been misled by the use of the word "satisfy." I personally am of the opinion that twelve jurors drawn from the ordinary walks of life are not at all misled because of an etymological distinction that may exist between the word "satisfy," which some of the courts say is erroneous, and the word "believe" or

words of similar import, which none of the courts say is erroneous.

But as the Supreme Court in the Frye case used extremely vigorous language in condemning the use of the word "satisfy," I have made a fairly exhaustive examination of the authorities on the subject and it might not be amiss to simply make some review of them.

In *L. & N.* v. *Timber Co.*, 126 Ala., 195, the court in criticising a charge using the word "satisfy" said that if the court had used the expression "reasonably satisfy" that would be all right.

In *Rolfe* v. *Rich*, 149 Ill., 436, the court said that the use of the word "satisfy" in a charge is erroneous, but such error will not call for a reversal when it clearly appears that it could not have worked the defendant any injury.

In *Mitchell* v. *Hindman*, 47 Ill. App., 431, the court criticised a special instruction as given because of the use of the words "to the satisfaction of the jury by a clear preponderance of the evidence," laying much stress on the erroneous use of the word "clear."

In *McMillan* v. *Baxley*, 112 N. C., 578, the court simply held that it was not erroneous for the trial court to substitute the words "preponderance of the evidence" for "to the satisfaction of the jury."

In the following Texas cases the use of the words "to the satisfaction of the jury" or words of similar import were declared erroneous, but it did not appear that the trial courts in any way qualified the use of the words and the cases were reversed upon other grounds as well: *Finks* v. *Cox et al*, 30 S. W., 512; *McGill* v. *Hall et al*, 26 S. W., 132; *Grigg* v. *Jones*, 26 S. W., 885; *Feist* v. *Boothe*, 27 S. W., 33.

In *Kenyon* v. *City of Mondovi*, 98 Wis., 50, the trial court instructed the jury as follows:

"And if you are satisfied from the evidence that the injury that the plaintiff has suffered is permanent in its nature, and will continue to affect his health and physical condition in the

future, and cause him pain and suffering in the future,'' etc.

Objection was made to this charge, but the Supreme Court, at page 54, in disposing of it said:

''If a jury are satisfied of the existence of a fact, it would seem that they must be reasonably certain of it.   We see no defect in the instruction, and we think there was sufficient evidence to base it on.''

In *Torrey* v. *Burney*, 113 Ala., 496, the court holds that the use of the word ''satisfy'' in a charge to the jury is erroneous, but also seems to hold that if it were the only error in the case they would determine from all the evidence whether or not it was error without injury.

In *Cox* v. *Royal Tribe*, 42 Oregon, 365, the court says in an action upon a policy of insurance, seventh paragraph of the syllabus:

''A further instruction that the beneficiary was therefore entitled to recover 'unless the evidence introduced has overcome this presumption, and satisfied you that death was voluntary,' was not objectionable because of the word 'satisfied,' where the court had previously charged that defendant was required to establish suicide to the satisfaction of the jury by a preponderance of the testimony.''

And at page 376 the court says that—

''To be 'satisfied' by a preponderance of the evidence and to be 'satisfied' in a general sense are entirely different conditions of the mind, and the term was, as clearly indicated by the court, employed in the former sense.''

And in *Stewart* v. *Outhwaite*, 141 Missouri, 562, the court holds as follows:

''The use of the word *satisfied* in the sense of *believe* is not error if it appears not to be misleading.''

And at page 571 the court uses this language:

"The objection to the word 'satisfied' we do not consider weighty. As it is used in the fifth instruction, the word does not convey the impression that the jury must be convinced beyond a reasonable doubt. The latter part of the instruction shows that belief of the jury is all that is required. The word 'satisfied' is not wholly satisfactory in such an instruction, and is not to be commended. If it appeared to be misleading, it might be fatal to an otherwise fair result. But its meaning is no wider, in its present place, in demanding the mental concurrence of the jury, than is conveyed by the accompanying words 'preponderance of the evidence.' That phrase has a popular and colloquial significance which the average juryman may fairly be supposed to grasp. Its use in an instruction is not of itself error. *State* v. *Smith* (1873), 53 Mo., 267; *Berry* v. *Wilson* (1876), 64 Mo., 164. Nor does the word 'satisfied' constitute a fatal blemish in the instruction as it stands."

And in *Rosenbaum* v. *Levitt,* 109 Iowa, 292, the court said that the use of the word "satisfied" without qualification or explanation is misleading. Evidently the court had in mind that if the word "satisfy" was qualified by some charge explaining to what kind of satisfaction the jury must come with reference to an issue in dispute, the charge would not be considered erroneous.

In *Callan* v. *Hanson,* 86 Iowa, 420, the court held:

"An instruction to a jury requiring the plaintiff in a cause to make out a *prima facie* case to the 'satisfaction' of the jury, held, not objectionable, as requiring of the plaintiff a measure of proof greater than a preponderance of the evidence, where, in another paragraph of the court's charge, the jury were instructed to find for the plaintiff, if 'from a preponderance of all the evidence' they were 'satisfied' that the claim of the plaintiff was established.

"The use of the word 'satisfied' in the above connection has the force only of the words 'find' or 'believe' and therefore was not erroneous."

And the same rule was laid down in *Carstens* v. *Earles,* 26 Wash., 677.

I have cited these cases at some length because I was struck by the peculiarly harsh language used by our Supreme Court in *Railway Company* v. *Frye,* in the latter part of its opinion, with reference to the use of the word "satisfy," and I have examined all these authorities with a view to determining whether or not that language was justified; and I have not found a single instance wherein a court of intermediate or last resort in any state has reversed the decision of a lower court for the single error that might be found in the use of the word "satisfy," but I have found them all tending to disregard the use of the word if the case was otherwise fairly tried, and in a great many instances I find them construing the word with reference to other language in the charge, and holding that if the word can be determined from the whole context to mean nothing more than reaching that state of mind where the jury merely determines on which side the preponderance of the evidence lies from the probabilities to be deduced from the testimony of the respective witnesses, then the use of the word can not be said to be misleading and prejudicial.

Our Supreme Court is coming to that manner of reviewing charges wherein alleged technical errors are urged.

On April 1, 1914, they reversed the judgment of the Court of Appeals of Hamilton County in the case of *Railway Company* v. *Pritz, Admr.,* because that court had affirmed the court of common pleas instead of reversing it for error in the court's charge to the jury as follows:

"You have a right to reject any evidence that you choose and consider only that which appeals to your sense of justice and fairness." *Ohio Law Reporter,* Vol. 12, page 7.

On January 12, 1915, the Supreme Court affirmed the judgment of the Circuit Court of Hamilton County, in the case of *Fox* v. *Jewell,* using the following language in its journal entry:

"This cause came on to be heard upon the transcript of the record of the Circuit Court of Hamilton County and was argued

by counsel.  On consideration whereof the court finds that the
trial court erred in giving the following in its charge to the
jury:  'You have the right to disregard any evidence that you
choose and consider only that which appeals to your sense of
justice and fairness.'  But the court further finds upon consid-
eration of the entire charge and of the whole record that such
error was not prejudicial to the rights of the plaintiff in error
and that substantial justice was done in the judgments of the
courts below.  It is therefore ordered and adjudged by this court
that the judgment of the circuit court be and the same is hereby
affirmed.''  *Ohio Law Reporter*, Vol. 12, page 389.

We have here an example of our Supreme Court passing upon
charges in two different cases, given by the same judge and
practically in the same language, holding in the first case that the
giving of the charge was prejudicial error and in the second that
it was not prejudicial error.

I think that the use of the word ''satisfy'' in this charge
should be examined in the light of the whole charge and in con-
nection with the entire record, and I believe that when that is
done it will be clearly seen that there was no prejudicial error in
the use of the word.  I think that the principle seemingly
laid down in the Frye case should be sent back to the Su-
preme Court for further consideration and I am convinced
from an examination of the authorities that the Supreme
Court will be willing to modify the language that it used
with reference to the use of the word ''satisfy'' by the trial
judge, although I am frank to say that with the meager state-
ment of what the charge of the trial court in the Frye case con-
tained it may be possible that the use of the word ''satisfy'' of
the ''truth'' of certain propositions without qualification can not
be justified by any of the authorities.  However, that same criti-
cism can not be made of the charge in the case at bar.

Applying the rule that was applied in the case of *Baird* v.
*Burton Telephone Company*, 10 C.C.(N.S.), 163, wherein the
Circuit Court of Geauga County held that while the trial court
had committed error in putting the burden of proof upon the

wrong party, that upon the entire record it did not appear that this was prejudicial, and that the rule of substantial justice as required by the statute should be applied, I think the motion should be overruled in this case and an entry will be made accordingly.